artment. June 30, 1916.) Judgment affirmed, with costs. All concur, except Kellogg, P. J., and Woodward, J., dissenting.

UNITED STATES PRESS ASS'N v. FRANK PRESBREY CO. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Motion denied, with $10 costs. Order filed.

UNITED STATES PRESS ASS'N, Respt., v. FRANK PRESBREY CO., Applt. (Supreme Court, Appellate Division, First Department. June 9, 1916.) Order reversed, and motion granted to the extent of striking out the following clause of the order for examination: "Also as to what papers in the states of Kansas and Minnesota with which defendant made contracts for the placing of American Tobacco Company advertising since said date and previous to the commencement of this action." No opinion. Settle order on notice, the date for the examination to proceed to be fixed in the order.

UNITED VAUDEVILLE CO., respt., v. Henry C. ZELLER et al., applts. (Supreme Court, Appellate Division, Fourth Department. April 19, 1916.) Appeal dismissed without costs upon stipulation filed.

Antonio VALENTI v. Henry MESINGER et al. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

Leonello VALENTI, an infant, etc., v. Henry MESINGER et al. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

Moses VALENTINE, Respt., v. Abraham COOPER, Applt. (Supreme Court, Appellate Division, First Department. May 12, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

James M. VALIANDO, appellant, v. George H. OHNEWALD, respondent. (Supreme Court, Appellate Division, Second Department. June 9, 1916.) Motion granted, with $10 costs.

Ida M. W. VAN HOUSEN, respt., v. A. Elias McCALL, applt. (Supreme Court, Appellate Division, Fourth Department. May 17, 1916.) Order affirmed with $10 costs and disbursements. All concur.

Mary VAN SALISBURY, appellant, v. BROOKLYN HEIGHTS RAILROAD COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. June 29, 1916.) Order unanimously affirmed, with costs. No opinion.

Henry VAN SCHAICK, Respt., v. CITY OF NEW YORK, Applt. (Supreme Court, Appellate Division, First Department. May 19, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

George C. VAN TUYL, Jr., as Supt., etc., v. Charles M. SCHWAB et al. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Motion denied, with $10 costs. Order filed.

In the matter of the application for the probate of a paper purporting to be the last will and testament of Gertrude Ann VAN WOERT, deceased. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Order unanimously affirmed, with costs.

Thomas VARLEY, respondent, v. O. J. MOUSSETTE COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1916.) Judgment and order unanimously affirmed, with costs. No opinion.

Isabella T. VECCHIO, respt., v. UNITED TRACTION COMPANY, applt. (Supreme Court, Appellate Division, Third Department. June 30, 1916.) Judgment and order unanimously affirmed, with costs.

VITTORIA PIANO CO., Inc., v. COLOM. (Supreme Court, Appellate Term, First Department. May 19, 1916.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Judgment for plaintiff, entered after the close of plaintiff's case, defendant having withdrawn because of remarks made by the court during trial, and defendant appeals. Affirmed.

PER CURIAM. The action was brought to foreclose a lien upon a musical instrument which had been sold to defendant upon the installment plan. After plaintiff had proved his case, the record discloses the following: "Defendant's Counsel: I move to strike out the last part of the answer. Motion granted. Defendant's Counsel: I ask the stenographer to take on the record your honor's remark asking the plaintiff's attorney whether he had a special form of judgment and that your honor would sign it to-day. The Court: I said, if I rendered judgment, I would sign it to-day. Defendant's Counsel: Your honor did not so state. I ask that it be put on the record the way I stated it, and that the plaintiff's attorney said that he would have to go down to his office and prepare it there, and I refuse to proceed any further in this case, on the ground that your honor has shown partiality toward the plaintiff. Plaintiff's Counsel: If the defendant refuses to proceed, we rest. The Court: Is there any defense? Defendant's Counsel: I have stated my position, your honor, and I ask that my remarks appear on the record. The Court: Judgment for the plaintiff." There is nothing in the record, other than the above-quoted portion, showing that the court was prejudiced. As matter of fact, the rulings of the court were largely in favor of defendant. The appellant makes this statement in his brief: "Considering the entire